UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IRENE WHIPKEY

       Plaintiff,
v.                                              Civil Action No._____

NCO FINANCIAL SYSTEMS, INC.,

**JURY TRIAL DEMANDED**

       Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices..

II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

3. Venue in this Honorable Court is proper under 28 U.S.C. §1391(b) in that Defendant is deemed a resident of the State of New York pursuant to 28 U.S.C. §1391(c), and/or a substantial part of the events or omissions giving rise to the claims alleged in this complaint occurred within this district.

III. PARTIES

4. Plaintiff Irene Whipkey is a natural person residing in County of Erie and State of New York.

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign corporation organized under the laws of the State of Pennsylvania, and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

6. That upon information and belief, the Defendant NCO regularly attempts to collect debts alleged to be due another, and uses the U.S. mail in furtherance of its collection of debts alleged to be due another.

7. The acts of Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" or "NCO" herein shall mean the Defendant or an employee of said Defendant.

IV. FACTUAL ALLEGATIONS

9. Jeanette Whipkey, Plaintiff's daughter, incurred and later defaulted on a credit card obligation to Capital One. Said obligation will be referred to as "the subject debt" in this complaint.

10. Upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

11. Upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C.§1692a(5).

12. That after Jeanette Whipkey's default, Capital One employed NCO to attempt to collect the subject debt.

13. That Plaintiff Irene Whipkey is not legally obligated to pay the subject debt.

14. That on or about October 8, 2007, Plaintiff received three telephone calls, which she did not answer, from the Defendant. No message was left by Defendant in any of these calls, but Plaintiff was able to identify the Defendant by her caller identification.

15. That on or about October 8, 2007, but after the calls described in paragraph 14 herein, Plaintiff received two additional telephone calls from the Defendant. In both instances, Defendant asked to speak with Jeanette Whipkey. Plaintiff suspected the call was concerning a debt owed by Jeanette Whipkey, and asked Defendant for an address where Jeanette Whipkey could mail payment to. Plaintiff also requested that stop calling her.

16. That on or about October 9, 2007, Plaintiff received a telephone call from Defendant. Plaintiff spoke to Defendant and again requested that Defendant stop calling her telephone number.

17. That on or about October 10, 2007, Plaintiff received two telephone calls from Defendant. In both instances, Plaintiff requested that Defendant stop calling her telephone number.

18. That on or about October 11, 2007, Plaintiff received eight telephone calls from Defendant. Plaintiff answered four of these calls and again requested that Defendant stop calling her telephone number.

19. That on or about October 12, 2007, Plaintiff received five telephone calls from Defendant. In two of these instances, Plaintiff answered the telephone and again requested that Defendant stop calling her telephone number.

20. That on or about October 13, 2007, Plaintiff received another telephone call from Defendant. Plaintiff requested that Defendant provide her with their address and that Defendant stop calling. Defendant refused to provide Plaintiff with their address, but did say that she would be removed from their call list.

21. That on or about October 14, 2007, Plaintiff received four telephone calls from the Defendant. In one of these telephone calls, Plaintiff again requested the Defendant's address. Defendant responded that they would not provide their address because she was not Jeanette Whipkey. Plaintiff again requested that Defendant stop calling her telephone number.

22. That on or about October 15, 2007, and between 8:00 a.m. and 12:00 p.m., Plaintiff received three telephone calls from Defendant. In each of these telephone calls, Plaintiff requested that Defendant stop calling her telephone number.

23. That on or about October 15, 2007, and after the telephone calls in paragraph 22, Plainitff received another telephone call from Defendant. Plaintiff again requested the Defendant's address, which Defendant refused to give to her. Plaintiff again asked that Defendant stop calling and Defendant responded that she would be taken off their call list.

24. That on or about October 15, 2007 and after the telephone call in paragraph 23, Plainitff received another three telephone calls from Defendant. In each instance, Plaintiff requested that Defendant stop calling her telephone number. In one such instance, Defendant hung up on Plaintiff.

25. That as a result of the foregoing, Plaintiff Irene Whipkey became nervous, upset, and suffered emotional distress.

## V.  CAUSE OF ACTION

26. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 25 above.

27. That Defendant NCO violated multiple provisions of the FDCPA, including but not limited to the following:

    A. Defendant NCO violated 15 U.S.C.§1692b(1) and 15 U.S.C. §1692b(3) by repeatedly calling Plaintiff about Jeanette Whipkey's debt for a purpose other than to obtain location information.

    B. Defendant NCO 15 U.S.C.§1692d, 15 U.S.C. §1692d(5), and 15 U.C.B. §1692f by causing Plaintiff's telephone to ring and/or engaging Plaintiff on in telephone conversations repeatedly and/or continuously with intent to annoy, abuse, and/or harass said plaintiff.

    WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages pursuant to 15 U.S.C. § 1692k;

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    (d)  For such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

Dated: December 20, 2007

/s/Amanda R. Jordan, Esq.
BY: Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Office of Kenneth Hiller
*Attorneys for the Plaintiff*
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com
           ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Irene Whipkey, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2  I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


Dated:  December 20, 2007          _s/Irene Whipkey_____
                                    Irene Whipkey